UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEORGE SISK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:12-cv-864-JMS-MJD |
| ) | |
| BRUCE LEMMON, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion to Dismiss
and Directing Entry of Final Judgment**

For the reasons explained in this Entry, the defendants' motion to dismiss [23] is **granted.**

### I. Background

This is an action brought by plaintiff George Sisk, an inmate who, at all relevant times, was incarcerated at the Plainfield Correctional Facility, and is currently confined at the Wabash Valley Correctional Facility. The six defendants are Commissioner Bruce Lemmon, Michael Barnes of the Legal Services Division of the Indiana Department of Correction, Superintendent Brian Smith, Internal Affairs Officer Cindy Stilwell, Screening Officer L. Collins, and Disciplinary Hearing Board Chairperson K. Gray. Sisk sued all defendants in their official and individual capacities, except he sues L. Collins only in her individual capacity. He alleges violations of his Fourteenth Amendment and Eighth Amendment rights. He also asserts state law claims of negligence. Sisk requests injunctive relief[1] as well as compensatory and punitive damages.

The defendants seek dismissal of the claims asserted against them pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

---

[1] Sisk's claim for injunctive relief is **dismissed as moot** because he no longer is confined at the Plainfield Correctional Facility.

## II. Legal Standard

In considering a motion to dismiss for failure to state a claim, the court reviews the complaint in light of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, which provides: "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of complaints that state no actionable claim. In conducting an appropriate analysis for this purpose,

> [a]ll well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. [*Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008)]. The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965, 1973 n.14, 167 L.Ed.2d 929 (2007)).

*Hale v. Victor Chu,* 614 F.3d 741, 744 (7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

*A. Allegations*

Sisk's allegations all relate to a disciplinary proceeding that was initiated against him in July of 2011, identified as No. IYC11-07-0283. Sisk alleges that at the disciplinary hearing, he told Hearing Officer Gray that he did not know anything about an assault at recreation on July 8, 2011, because he was on recreational restriction that day. Gray allowed Sisk to postpone the hearing to obtain witness statements. Gray later decided that certain witness statements were not necessary and refused to call them. The complaint alleges that Gray found Sisk guilty of the disciplinary charge without sufficient evidence.

Sisk alleges that Screening Officer L. Collins changed the conduct report offense from possession or use of a controlled substance to assault on another person with a weapon. Collins also allegedly never asked Sisk if he needed any witnesses or physical evidence. As to Internal Affairs Officer Stillwell, Sisk alleges she refused to follow proper procedures in investigating the charge against him.

The complaint alleges that Sisk was sanctioned with the loss of one year of good time, demotion of a credit class, and a fine of $7500.00. On appeal, Superintendent Smith reduced the fine to $1000.00. Sisk alleges that Hearing Officer Gray and Superintendent Smith deprived him of liberty and property when they sanctioned him with a $1000 fine without any proof of damages. On appeal to the State of Indiana, Legal Services Division staff person Barnes

concluded that there was no procedural or due process error and that the sanctions were appropriate.

Sisk further alleges that defendants Commissioner Lemmon, Superintendent Smith and Barnes refused to overturn the disciplinary conviction despite knowing of the due process violations. He also alleges that Commissioner Lemmon refused to train staff and is the "policy holder" of the Indiana Department of Correction. Sisk also alleges that Collins and Stilwell were negligent under state law when they refused to follow proper policies and procedures in screening and investigating the conduct report.

*B.  Claims and Defenses*

*1. Official Capacity*

The defendants contend that the claims asserted against them in their official capacities should be dismissed for failure to state a claim upon which relief can be granted. The Court agrees. Claims for damages against the defendants in their official capacities are dismissed based on Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment). The defendants in their official capacities are also not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Department of State Police,* 491 U.S. 58 (1989). The official capacity claims are dismissed with prejudice.

*2. Individual Capacity Claims*

The defendants also argue correctly that all of Sisk's due process claims relating to the alleged mishandling of the disciplinary proceeding are barred. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a ' 1983 claim. A prisoner's § 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). This same rule applies to "convictions" incurred in prison disciplinary proceedings. *See Edwards v. Balisok,* 520 U.S. 641 (1997); *Walker v. Taylorville Correctional Ctr.,* 129 F.3d 410, 413 (7th Cir. 1997); *Lusz v. Scott,* 126 F.3d 1018, 1021 (7th Cir. 1997).

The Court takes judicial notice of the fact that on January 25, 2012, Sisk filed a petition for writ of habeas corpus challenging the conduct report at issue in this case, and his petition was dismissed on the merits. *Sisk v. Brown,* 2:12-cv-021-WTL-WGH (S.D.Ind. June 1, 2012), *appeal dismissed,* No. 12-3222 (7th Cir. Jan. 8, 2013). Sisk has not shown that his disciplinary conviction has been overturned or otherwise invalidated. Accordingly, his due process claims against all defendants are dismissed without prejudice.

Sisk asserts that Commissioner Lemmon, Superintendent Smith and Barnes violated his Eighth Amendment rights when they failed to overturn the disciplinary conviction knowing of due process errors. This contention fails to state a claim upon which relief can be granted.

Defendants who allegedly know about a violation of the Constitution but fail to cure it do not thereby violate the Constitution themselves. *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). More specifically, Sisk's attempt to invoke the Eighth Amendment's protections under these circumstances fails. Sisk's claims arise under the Due Process Clause of the Fourteenth Amendment. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's complaint "gains nothing by attracting additional constitutional labels").

Sisk's claim that Commissioner Lemmon failed to train staff cannot succeed because the underlying constitutional claims failed. *Padula v. Leimbach,* 656 F.3d 595, 605 (7th Cir. 2011) ("Since Padula's underlying claims for wrongful arrest and excessive force failed, his claims for failure to train and for condoning and ratifying excessive force must also fail.").

Finally, Sisk's state law negligence claims fail for lack of jurisdiction. The Court need not address the defendants' argument that the Indiana Tort Claims Act bars any state law claims. *See* Ind. Code 34-13-3-5. Having dismissed all of the federal claims at this early stage, and without an exception to the general rule against the retention of such claims, the Court declines to exercise its supplemental jurisdiction over any state law claim. 28 U.S.C. ' 1367(c)(3); *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).[2]

## IV. Conclusion

For the reasons set forth above, the defendants' Rule 12(b)(6) motion [23] is **granted** with respect to all claims against all defendants. The complaint fails to state a claim upon which relief can be granted. The due process claims and any state law claims are dismissed without prejudice, and all other claims are dismissed with prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

04/18/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[2] The defendants have not addressed Sisk's allegation that he was transferred to "a max facility for no reason" without a hearing. Sisk alleges no basis on which the Court could find that the unnamed facility imposed an "atypical and significant hardship." *See Wilkinson v. Austin,* 5445 U.S. 209, 223 (2005). The Court notes that Sisk is currently confined at the Wabash Valley Correctional Facility, and there is no *per se* rule that inmates have a liberty interest in avoiding incarceration at Wabash Valley. *See Lagerstrom v. Kingston,* 463 F.3d 621, 623 (7th Cir. 2006); *Meisberger v. Cotton,* No. 05-3388, 181 Fed.Appx. 599, 601, 2006 WL 1477835 (7th Cir. May 26, 2006) (unpublished) ("[T]ransfers from one prison to another with a more adverse condition of confinement do not affect a recognized liberty interest."). Under these circumstances, Sisk was not entitled to any pre-transfer process and such claim is dismissed for failure to state a claim upon which relief can be granted.

Distribution:

George Sisk
DOC # 944137
Wabash Valley - CF
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Electronically Registered Counsel